### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

R. WAYNE JOHNSON,

       Plaintiff,

vs.                                                                                  No. CIV 16-1078 JB/KK

CARMEN GARZA, JUDGE,
MATTHEW DYKMAN, CLERK,
U.S. POSTAL SERV., (DOES 1-10),

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court under rule 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1915(e)(2)(B) on: (i) the Plaintiff's Original Complaint: for Writ of Mandamus: and :Bivens, 91 SCt 1999, filed September 29, 2016 (Doc. 1)("Original Complaint"); and (ii) the Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, filed September 29, 2016 (Doc. 2)("Application").   The Court will dismiss the case on the grounds that the Original Complaint fails to state a claim on which relief can be granted and is patently frivolous.  The Court also will deny the Application under 28 U.S.C. § 1915(g).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff R. Wayne Johnson is a prisoner incarcerated at the William P. Clements Unit, Texas Department of Justice, in Amarillo, Texas.  See Original Complaint at 5.  Johnson instituted a prior lawsuit on August 29, 2016.  See Johnson v. United States Congressman (N.M.), No. CIV 16-0971 KG/CG.  The Original Complaint for Writ of Mandamus, filed August 29, 2016 (Doc. 1)("Complaint") in Johnson v. United States Congressman (N.M.), filed August

29, 2016 (Doc. 1)("Complaint in 16-0971") named as Defendants "U.S. Congressman (N.M.),"
"U.S. Postal Serv," and "Doe's 1-10."  See Complaint in 16-6971, at 1.  The Complaint in 16-
0971 did not, however, allege any identified individual's conduct and did not specify any
conduct occurring in or connected to New Mexico.  The Court dismissed CIV 16-0971 for failure
to state a claim and as patently frivolous.  See Memorandum Opinion and Order of Dismissal,
No. CIV 16-0971 at 8, filed October 18, 2016 (Doc. 5).

   Before dismissal, the Honorable Carmen E. Garza, United States Magistrate Judge,
entered an Order to Cure Defects, filed September 7, 2016 (Doc. 3)("Order to Cure Defects")
allowing Johnson the opportunity to submit an *in forma pauperis* application and notifying him
that, if he did not file an application or otherwise show cause why he should be excused from
paying the filing fee, the Court would dismiss the case without further notice.  See Order to Cure
Defects at 1. The Order to Cure Defects directed him to file an application or otherwise show
cause by October 11, 2016.  See Johnson v. United States Congressman (N.M.), No. CIV 16-
0971, filed September 7, 2016 (Doc. 3).  The October 11, 2016 deadline passed, and Johnson did
not file an application or otherwise show cause why he should be excused from paying the filing
fee.  Rather than filing an *in forma pauperis* application or otherwise responding to the Court's
Order, Johnson filed this lawsuit naming as Defendants the United States Magistrate Judge who
entered the Order in CIV 16-0971 and the Clerk of the Court.  See Original Complaint at 1.

   In his Original Complaint in this case, Johnson alleges that Magistrate Judge Garza did
not have jurisdiction to issue the Order to Cure Defects in No. CV 16-0971.  See Original
Complaint at 2.  Johnson also alleges that the Clerk of the Court, Matthew Dykman, "knows
prisons use void rules to open mail w/o warrants," and that Dykman therefore aided and abetted
mail crimes.  See Original Complaint at 3 (emphasis in original).  Johnson seeks not less than

$200,000.00 or $1.5 million in damages and demands payment within thirty days.  See Original

Complaint at 4.

## LAW REGARDING DISMISSAL FOR FAILURE TO STATE A CLAIM

Johnson is proceeding pro se and seeks leave to proceed *in forma pauperis*.  The Court

has the discretion to dismiss an *in forma pauperis* complaint sua sponte for failure to state a

claim upon which relief may be granted under either rule 12(b)(6) of the Federal Rules of Civil

Procedure or under 28 U.S.C. § 1915(e)(2)(B).  Under rule 12(b)(6), the Court must accept all

well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider

matters outside the pleading.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007);

Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989).  The court may dismiss a complaint under

rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not

prevail on the facts alleged."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting

McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)).  A

plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell

Atlantic Corp. v. Twombly, 550 U.S. at 570.  A claim should be dismissed where it is legally or

factually insufficient to state a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly,

550 U.S. at 570.

Under § 1915(e)(2)(B) a court shall dismiss the case at any time if the court determines

that the action fails to state a claim for relief, is frivolous, or is malicious.  See 28 U.S.C. §

1915(e)(2).  The authority granted by § 1915 permits the court "the unusual power to pierce the

veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

clearly baseless."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989).  See Hall v. Bellmon, 935

F.2d 1109.  The authority to "pierce the veil of the complaint's factual allegations" means that

a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. See Denton v. Hernandez, 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). A pro se plaintiff's pleadings are judged, however, by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of the court. See Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005); Dunn v. White, 880 F.2d 1188. Nor may the Court assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court must consider whether to allow the plaintiff an opportunity to amend the complaint. See Hall v. Bellmon, 935 F.2d at 1110. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. See Hall v. Bellmon, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## LAW REGARDING ABSOLUTE JUDICIAL IMMUNITY.

Absolute judicial immunity bars civil rights claims against a judicial officer acting as a judge. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990); Hunnicutt v. Sewell, 147 N.M. 272, 277-78, 219 P.3d 529, 534-45 (Ct. App. 2009). It is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at bar, with 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens") claims as well as state law claims. See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir.1986); Collins on Behalf of Collins v. Tabet, 111 N.M. 391, 396, 806 P.2d 40, 45 (1991). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion. See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006).

The Supreme Court of the United States has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982). The purpose of absolute judicial immunity is:

> to benefit the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35 (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967) and Butz v. Economou, 438 U.S. 478 (1978)).

The courts have extended the same immunity to judicial officers where performance of a judicial act is involved or their duties have an integral relationship with the judicial process. Immunity protects court officials when they are performing judicial activity as an official aid of the court. See Whitesel v. Sengenberger, 222 F.3d 861, 867 (10th Cir. 2000); Lundahl v.

- 5 -

Zimmer, 296 F.3d 936, 939 (10th Cir. 2002), cert. denied, 538 U.S. 983 (2003).  Applying this standard, a court clerk enjoys absolute judicial immunity when he or she performs a "judicial act," such as entry of a default judgment.  Lundahl v. Zimmer, 296 F.3d at 939.  Courts have extended the immunity to court officials engaged in activity integral to the judicial process, including court clerks mailing copies of orders to a plaintiff.  See Dickerson v. Bates, 287 F. Supp. 2d 1251, 1253 (D. Kan. 2003)(Lungstrum, J.).

The doctrine of absolute immunity ensures that judges and judicial officers perform their duties vigorously and without fear of time-consuming, costly, "vindictive or ill-founded damage suits brought on account of action taken in the exercise of their official responsibilities."  Smith v. Losee, 485 F.2d 334, 341 (10th Cir. 1973).  To hold otherwise would have a chilling effect on the judicial duties and actions of the judge or clerk, who would be readily subject to suit in the course of performing his or her duties.  See Smith v. Losee, 485 F.2d at 340–41.

**LAW REGARDING BIVENS CLAIMS AGAINST FEDERAL OFFICIALS.**

Bivens suits, deriving their name from Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), are the "federal analog" to suits brought against state officials under 42 U.S.C.§ 1983.  Ashcroft v. Iqbal, 556 U.S. at 675-76.  Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  However, Bivens only applies to individual federal officials, and Bivens claims against the United States and its agencies are barred by sovereign immunity. FDIC v. Meyer, 510 U.S. 471, 484-85 (1994); Greenlee v. U.S. Postal Service, 247 F. App'x 953, 955

(10th Cir. 2007).  To state a claim for relief under § 1983 or under <u>Bivens</u>, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights that the Constitution of the United States of America secures.  <u>See</u> 42 U.S.C. § 1983; <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable. <u>See</u> <u>Trask v. Franco</u>, 446 F.3d 1036, 1046 (10th Cir. 1998).

A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676.  A plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation.  <u>See</u> <u>Fogarty v. Gallegos</u>, 523 F.3d 1147, 1162 (10th Cir. 2008).  In a civil rights action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her."  <u>Robbins v. Oklahoma</u>, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

Unlike suits under § 1983, <u>Bivens</u> does not allow a plaintiff to seek equitable relief -- he or she may only seek damages for alleged constitutional violations, and must look to other areas of the law to receive equitable relief for his or her injuries.  <u>See</u> <u>Bivens</u>, 403 U.S. at 410 (Harlan, J., concurring)("For people in Bivens' shoes, it is damages or nothing.").

> [T]he decision whether to recognize a *Bivens* remedy may require two steps. In the first place, there is the question whether any alternative, existing process for protecting the [constitutionally recognized] interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages . . . .  But even in the absence of an alternative, a <u>Bivens</u> remedy is a subject of judgment: "the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling hesitation before authorizing a new kind of federal litigation."

Wilkie v. Robbins, 551 U.S. at 550 (quoting Bush v. Lucas, 462 U.S. at 378).   "In sum, the concept of 'special factors counselling hesitation in the absence of affirmative action by Congress' has proved to include an appropriate judicial deference to indications that congressional inaction has not been inadvertent."  Schweiker v. Chilicky, 487 U.S. at 423.

**ANALYSIS**

The Court concludes that Johnson's Original Complaint fails to state a claim for relief under either rule 12(b)(6) or under the 1915(e)(2) standard.  The Court also concludes that the Original Complaint fails to state a claim for relief under Bivens.  Lastly, the Court concludes that amendment of the Original Complaint would be futile.  The Court, therefore, denies Johnson leave to proceed *in forma pauperis*.

**I.      JOHNSON'S ORIGINAL COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER EITHER 12(B)(6) OR THE 1915(E)(2)(B) STANDARD.**

Johnson's sole allegation against Magistrate Judge Garza is that she was without jurisdiction to issue an order in cause No. CIV 16-0971.  See Original Complaint at 2.  Although almost unintelligible, Johnson appears to contend that only attorneys may invoke the jurisdiction of the Court, not pro se parties, and because he is acting pro se, Judge Garza had no jurisdiction. See Original Complaint at 1-2.  Johnson seeks to recover damages against Judge Garza for acts that were made in the exercise of judicial discretion.  See Van Sickle v. Holloway, 791 F.2d at 1434-35.  Absolute judicial immunity bars any claims against Judge Garza and the Original Complaint fails to state any claim for relief against her.  See Stump v. Sparkman, 435 U.S. at 355-56; Christensen v. Ward, 916 F.2d at 1473-76.

Johnson appears to allege that Clerk Dykman aided and abetted mail fraud by mailing the Court's Order to Johnson.   See Original Complaint at 3. The Clerk's act in mailing constitutionally mandated notice of the Court's Order to Johnson is an integral part of the

judicial process.  See Dickerson v. Bates, 287 F.Supp.2d at 1253; Smith v. Erickson, 884 F.2d at 1111.  Clerk Dykman's actions are subject to absolute quasi-judicial immunity, and Johnson's claims against the Court Clerk fail to state a claim on which relief can be granted.  See Lundahl v. Zimmer, 296 F.3d at 939.

## II.    THE ORIGINAL COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF UNDER BIVENS.

Johnson names the U. S. Postal Service (Does 1-10) as Defendants in the Original Complaint.  Although he makes no specific factual allegations against the U. S. Postal Service, he appears to be proceeding under Bivens.  See Original Complaint at 1.  The U. S. Postal Service is an agency of the United States and is immune from any Bivens claim for damages. See Greenlee v. U.S. Postal Service, 247 F. App'x at 955.   The Original Complaint fails to state a claim on which relief can be granted against the Postal Service.

The Original Complaint does not identify any individual official of the U. S. Postal Service, but, instead, names only "Does 1-10."   Original Complaint at 1.  The Original Complaint is also devoid of any factual allegations of conduct by any "Doe" employees of the U. S. Postal Service.  The Original Complaint does not specify who did what to whom.  See Robbins v. Oklahoma, 519 F.3d at 1249-50.  Accordingly, the Original Complaint is factually and legally insufficient to state a Bivens claims against any identified or unidentified U.S. Postal Service official.  See Ashcroft v. Iqbal, 556 U.S. at 676.

## III.    AMENDMENT OF THE ORIGINAL COMPLAINT WOULD BE FUTILE.

The Court also declines to grant Johnson leave to amend his Original Complaint.  The Original Complaint is almost devoid of factual allegations, and the few factual allegations are clearly baseless.  A complaint that is baseless and plainly abusive of the judicial process is properly characterized as frivolous and malicious within the context of 28 U.S.C. §

1915(e)(2)(B)(i).   See Duhart v. Carlson, 469 F.2d 471, 477-78 (10th Cir. 1972); Olson v. Coleman, 997 F.2d 726, 728-29 (10th Cir. 1993).   The Court concludes that the claims asserted by Johnson are frivolous and malicious under 28 U.S.C. § 1915(e)(2).   Allowing Johnson an opportunity to amend would be futile because the claims would still be subject to immediate dismissal on the same grounds.   See Hall v. Bellmon, 935 F.2d at 1109.   Using either the rule 12(b)(6) standard or the 1915(e)(2)(B) standard, the face of Johnson's Original Complaint shows that his allegations fail to state any claim on which relief can be granted and is frivolous.   See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.   The Court therefore will dismiss Johnson's Original Complaint for failure to state a claim without leave to amend.

## IV.    THE COURT DENIES LEAVE TO PROCEED *IN FORMA PAUPERIS*.

Johnson also seeks leave to proceed *in forma pauperis* in this case.   See Application at 1. Johnson is a prisoner within the meaning of 28 U.S.C. § 1915, see Application at 1, and he has not paid the filing fee.   The Application is deficient in that it does not include the mandatory certified copy of his inmate account statement for the six-month period preceding filing of this action.   See 28 U.S.C. § 1915(a)(2).

The Court also takes notice that Johnson has filed at least sixty and, according to some sources, in excess of 160 cases in the courts of Texas, Alabama, California, Missouri, Oklahoma, and Tennessee.   See Memorandum Opinion and Order of Dismissal at 7.   These cases span a period exceeding twenty-five years and none of them resulted in relief for Johnson.   See Memorandum Opinion and Order of Dismissal at 7.   Johnson is under filing restrictions in many, if not all, of those jurisdictions and has already accumulated at least two "strikes" for purposes of

§ 1915.[1]  <u>Johnson v. United States</u>, 2026 WL 3675403 (Fed. Cl. 2016)(imposing two strikes under § 1915); <u>Johnson v. U.S. Marine Corps</u>., 2013 WL 3652377 (N.D. Tx. 2013)(listing 63 federal court cases Johnson instituted and noting that federal courts within the United States Court of Appeals for the Fifth Circuit have imposed at least four strikes under § 1915).  <u>See</u> <u>Johnson v. Harrison</u>, No. 10-11-00032-CV (Ct. App. Tx. 2013)(listing 108 cases Johnson filed in the state courts of Texas and noting his "vexatious litigant" status).

The Court imposed a third strike in CIV 16-00971 as provided in the "three strikes" rule of the Prisoner Litigation Reform Act, 28 U.S.C. § 1915(g)("PLRA").  Johnson may not proceed *in forma pauperis* in civil actions before this Court unless he is under imminent danger of serious physical injury. <u>See</u> 28 U.S.C. § 1915(g).  There is no allegation that Johnson is under imminent danger of serious physical injury, and the Court will deny his Application.

**IT IS ORDERED** that: (i) the Plaintiff's Original Complaint: for Writ of Mandamus: and :Bivens, 91 SCt 1999, filed September 29, 2016 (Doc. 1), is dismissed with prejudice; (ii) the Plaintiff's Application for Leave to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is denied, and (iii) Final Judgment is entered.

_____
UNITED STATES DISTRICT JUDGE

_____

[1]28 U.S.C. § 1915(g) reads as follows: In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Parties and Counsel:*

R. Wayne Johnson
Amarillo, Texas

      *Plaintiff pro se*

Carmen Garza
Albuquerque, New Mexico

-- and --

Matthew Dykman
Albuquerque, New Mexico

-- and --
United States Postal Service
Washington, District of Columbia

-- and --

FNU Does 1-10

      *Defendants*